PER CURIAM.
B.B., a juvenile, appeals from an order adjudicating her in contempt of court for committing perjury. We reverse.
C.R. was charged with battery upon J.A. At C.R.’s adjudicatory hearing, B.B., a witness to the alleged battery, testified. Following the hearing, the trial court ordered B.B. to show cause why she should not be held in criminal contempt of court for “committing perjury by knowingly offering untruthful testimony while testifying” at the adjudicatory hearing.
B.B. responded by asserting that she had not perjured herself at C.R.’s adjudicatory hearing. Further, at the hearing on the Rule to Show Cause, B.B. testified that she did not lie. Following the hearing, the trial court entered an order finding that B.B.’s testimony at C.R.’s adjudicatory hearing was inconsistent with the written statement that she gave to the police. The trial court ordered that B.B. be held in criminal contempt of court “based on her untruthful testimony” at C.R.’s adjudicatory hearing “and her handwritten statement.” This appeal followed.
B.B. contends that the trial court erred by finding her in criminal contempt of court. We agree.
The record does not support the trial court’s finding that B.B. either testified untruthfully at C.R.’s adjudicatory hearing or that there was a conflict between B.B.’s written statement and her testimony at C.R.’s adjudicatory hearing. Therefore, we reverse the order under review. See M.L. v. State, 819 So.2d 240 (Fla. 2d DCA 2002).
Reversed.